UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE FLAVIN, Personal Representative of the Estate of JAMES FLAVIN, JR.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LORILLARD TOBACCO COMPANY, GARBER BROS., INC., and ALBERT H. NOTINI & SONS, INC.,<br><br>　　　　Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

Defendants Lorillard Tobacco Company ("Lorillard"), Garber Bros., Inc., and Albert H. Notini & Sons, Inc. (collectively "Defendants"),[1] hereby give notice of their removal of this action from the Superior Court, Middlesex County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. Removal is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I.    BACKGROUND

1.    On March 25, 2015, Plaintiff Jane Flavin commenced this action in the Superior Court of Middlesex County in the Commonwealth of Massachusetts, with case caption *Jane Flavin, Personal Representative of the Estate of James Flavin, Jr. v. Lorillard Tobacco Co., et al.*, No. 1581CV01811. Plaintiff named as defendants Lorillard Tobacco Company, Garber Bros., Inc., and Albert H. Notini & Sons, Inc.

---

[1]　Notwithstanding the fact that Garber Bros., Inc. and Albert H. Notini & Sons, Inc. were fraudulently joined as defendants in this civil action, each Defendant joins in this Notice of Removal in order to avoid a multiplicity of notices. The filing of this Notice of Removal is subject to and without waiver of any defenses and objections by any Defendant.

2.      Plaintiff seeks compensatory and punitive damages arising out of the alleged wrongful death of James Flavin, Jr. ("Decedent"), from cancer due to smoking Newport brand cigarettes.  Plaintiff alleges that Newport cigarettes were defective and unreasonably dangerous and should not have been sold to Decedent at any time.  *See* Compl. and Demand for Jury Trial ¶ 1, March 25, 2015 ("Compl.") (Ex. A).

3.      Plaintiff asserts claims against Defendants for breach of warranty, violation of the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2, negligence, wrongful death, and civil conspiracy (against Defendant Lorillard only).  *Id.* ¶¶ 25-52.

4.      The only proper parties to this action are Plaintiff and Lorillard.  In an effort to defeat this Court's jurisdiction, Plaintiff has nominally named as defendants two Massachusetts entities, Garber Bros., Inc. and Albert H. Notini & Sons, Inc. (the "Local Distributors").  The Complaint generally alleges that the Local Distributors distributed cigarettes in the areas where Decedent purchased Newport brand cigarettes during the time that he was smoking.  *Id.* ¶ 5.

5.      The Local Distributors are sham defendants and have been fraudulently joined.  Plaintiff has failed to state any legally sufficient cause of action against the Local Distributors.  Further, there is a strong likelihood that Plaintiff will not litigate the claims against them to judgment.  The citizenship of these entities must be disregarded for purposes of a diversity analysis and determination of this Court's jurisdiction.

6.      Defendants file this Notice of Removal because, disregarding the citizenship of the fraudulently-joined Local Distributors, this Court has diversity jurisdiction over the action.

## II.     BASIS FOR REMOVAL

7.      Removal of this case is proper under 28 U.S.C. § 1441(a).  Under Section 1441(a), a defendant is entitled to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ."  This Court has original

jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because (i) the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs; and (ii) the suit involves a controversy between citizens of different states because the only properly-joined Defendant, Lorillard, is not a citizen of Massachusetts.

8.       Complete diversity existed at the time of the filing of the Complaint and exists now.

**A.       The Amount in Controversy Requirement Is Satisfied.**

9.       In diversity cases, the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). This civil action for wrongful death arises from Decedent's death from cancer, and Plaintiff seeks substantial damages that far exceed the jurisdictional threshold. Although Plaintiff's Complaint contains no *ad damnum*, it is clear from the face of the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.       Plaintiff alleges that Decedent was diagnosed with smoking-related lung cancer in April 2011, after "previously fighting head and neck cancer for years." Compl. ¶ 24 (Ex. A). She also alleges that Decedent underwent "painful and exhausting radiation treatment and chemotherapy" and that he "spent the final days of his life in hospice care before dying on March 27, 2012." *Id.* She seeks compensatory and punitive damages for all injuries and losses recoverable under G.L. c. 228, § 1 and G.L. c. 229, § 2, including, but not limited to (i) Decedent's conscious pain and suffering; (ii) Decedent's medical expenses and reasonable funeral and burial expenses; (iii) the loss to Plaintiff and other persons of the reasonably expected net income, services, protection, care, society, and companionship which they would have received had Decedent lived; and (iv) all recoverable costs and interest. Significantly,

Plaintiff also seeks double or treble damages, costs, and attorneys' fees, pursuant to G.L. c. 93A, § 9. *See* Compl. pp. 16-17 (Prayer for Relief) (Ex. A).

11.      Plaintiff further alleges that Decedent's documented medical expenses alone exceed $100,000. *See* Civil Action Cover Sheet, *Jane Flavin, Personal Representative of the Estate of James Flavin, Jr. v. Lorillard Tobacco Co.*, No. 1581CV01811, Mar. 25, 2015 (Ex. A).

**B.      Plaintiff and Lorillard (the Only Properly Named Defendant) Are Diverse.**

12.      There is complete diversity of citizenship between Plaintiff and the only properly-named defendant, Lorillard.

13.      Upon information and belief, Plaintiff Jane Flavin is a citizen of the Commonwealth of Massachusetts. Compl. ¶ 7 (Ex. A). Upon information and belief, Decedent was a citizen of the Commonwealth of Massachusetts prior to his death.

14.      Defendant Lorillard Tobacco Company is a Delaware corporation[2] with its principal place of business in North Carolina. Accordingly, Lorillard is a citizen of Delaware and North Carolina for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

15.      Defendant Garber Bros., Inc. is a Massachusetts corporation with its principal place of business in the Commonwealth of Massachusetts.

16.      Defendant Albert H. Notini & Sons, Inc. is a Massachusetts corporation with its principal place of business in the Commonwealth of Massachusetts.

17.      The First Circuit has not directly addressed the doctrine of fraudulent joinder. *See Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014) ("While the First Circuit has not addressed the question, it is generally recognized that, under the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant

---

[2]  Plaintiff incorrectly alleges in her Complaint that Lorillard is a North Carolina corporation. *See* Compl. ¶ 8 (Ex. A).

where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant."); *see also Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 4-5 (D. Mass. 2001) (observing that "the First Circuit has not articulated a standard for evaluating a claim of fraudulent joinder," but "has stated in dicta that 'a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant.'" (quoting *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir.1983))). In the absence of direct guidance from the First Circuit, courts within the District of Massachusetts have adopted the Second Circuit test articulated in *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001). *See, e.g., In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, No. MDL 13-02428-DPW, 2015 WL 44589, at *7 (D. Mass. Jan. 2, 2015) (discussing use of the *Whitaker* test by judges in the District of Massachusetts), *appeal filed*, No. 15-1212 (1st Cir. Feb. 12, 2015) (cases from electronic reporters attached collectively as Exhibit B). Under this test, a defendant seeking removal bears the burden of demonstrating, by clear and convincing evidence, either (1) that an outright fraud has been committed in the plaintiff's pleadings, or (2) that the pleadings show that no reasonable expectation exists of the plaintiff stating a cause of action in state court against the non-diverse defendants. *Id.*

18.   The Local Distributors have been fraudulently joined. The Complaint fails to assert colorable claims against either distributor. There are no specific factual allegations against either that, if proved, would establish their liability under Massachusetts law. The Complaint includes no allegations, *inter alia*, that the Local Distributors: (a) were anything other than distributors of cigarettes who delivered a legal product to retail stores; (b) had any knowledge or

control over who eventually purchased the cigarettes from retail stores; and/or (c) had any contact with, or made any attempts to sell cigarettes to, entities from which Decedent purchased cigarettes. Therefore the citizenship of these entities must be disregarded for purposes of a diversity jurisdiction analysis. *See, e.g.*, *Mass. Eye & Ear Infirmary v. Eugene B. Casey Found.*, 417 F. Supp. 2d 192, 194 (D. Mass. 2006) ("The complaint . . . fails to allege any viable cause of action against the Attorney General and this Court concludes that he has been improperly joined. Thus, the Attorney [G]eneral's citizenship will be ignored for diversity purposes . . . ."); *In re Neurontin Mktg. & Sales Practices Litig.*, No. 04-10981, 2006 WL 6552976, at *2 (D. Mass. Oct. 16, 2006) ("[T]he mere fact that [non-diverse defendant] Smith was a Pfizer drug representative for Neurontin in Louisiana . . . is insufficient to state a claim against her for Johnson's death. Accordingly, Plaintiffs fraudulently . . . joined Smith.") (Ex. B).

19.     A defendant is fraudulently joined where there is no reasonable basis for a claim against it. "'The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact.'" *In re Fresenius*, 2015 WL 44589, at *7 (quoting *Mills*, 178 F. Supp. 2d at 4). The potential for legal liability must be reasonable, not merely theoretical. *See, e.g.*, *Carey v. Bd. of Governors of Kernwood Country Club*, 337 F. Supp. 2d 339, 342 (D. Mass. 2004) ("[A] theoretical possibility of recovery under state law is insufficient to preclude removal." (citing *Mills*, 178 F. Supp. 2d at 5)).

20.     Where a resident defendant has been fraudulently joined, its inclusion as a party will not prevent removal. *See, e.g.*, *In re Fresenius*, 2015 WL 44589, at *7 ("A plaintiff may not thwart the exercise of a defendant's right of removal by fraudulently joining a non-diverse defendant who has no real connection to the case."); *Robinson v. Spencer Stuart, Inc.*, No. Civ.A. 13-10278-RWZ, 2013 WL 3989672, at *2 (D. Mass. Aug. 5, 2013) ("[T]he plaintiff may not

defeat the right of removal by fraudulently joining a non-diverse defendant." (citation and internal quotation marks omitted)) (Ex. B).

21.     Plaintiff does not allege, nor can she, that the Local Distributors were anything other than distributors of cigarettes that they acquired and sold in sealed containers, or that the Local Distributors had or could have had any greater knowledge of the nature, composition and properties of cigarettes than the general public.

22.     Decisions by this Court in other smoking-and-health cases support the proposition that the Local Distributors have been fraudulently joined. For example, in *Mass. Laborers' Health & Welfare Fund v. Philip Morris, Inc.*, No. Civ.A. 97-11552-GAO, 1998 U.S. Dist. LEXIS 22501 (D. Mass. June 19, 1998) (Ex. B), the plaintiff filed a complaint in Massachusetts Superior Court naming as defendants several tobacco companies (including Lorillard) and two Massachusetts distributors (including Albert H. Notini & Sons, Inc., one of the two Local Distributors named here). The tobacco defendants removed the case, and the Court denied the plaintiff's motion to remand. Although federal question jurisdiction existed over one claim in that case, the Court made an independent determination as to diversity jurisdiction and concluded that the joinder of local distributors was fraudulent because, like here:

> Neither the claim language in any of the[] counts, nor the general factual allegations of the body of the complaint, give any notice of what the distributor defendants did that would make them liable. . . . This complaint so utterly fails to allege facts to support the claims purportedly made against the distributors that one naturally wonders why they are defendants at all. . . . In the absence of a colorable claim against them, their joinder serves no apparent purpose except to defeat diversity jurisdiction. The defendants' objection to that device is well taken, and their motion to drop the distributors should be granted. Without them, the Court has jurisdiction over the case under 28 U.S.C. § 1332.

*Id.* at *21-23.

23.     That the Local Distributors have been fraudulently joined is apparent from the strong likelihood that Plaintiff will not prosecute to judgment her claims against either of them. *See* 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3723 (4th ed. 2014) ("According to the numerous decided cases on the subject, a party will be considered fraudulently joined—and removal will be permitted—when the plaintiff plainly has not stated or cannot state a claim for relief against that non-diverse individual or entity under the applicable substantive law *or does not intend to secure a judgment against that particular defendant*." (emphasis added) (footnotes omitted)); *see also Poultry & Beef of Puerto Rico, Inc. v. Smithfield Packing Co.*, 635 F. Supp. 1070, 1071 (D.P.R. 1986) ("Courts have considered a party to be fraudulently joined (1) when the complaint fails to state any possible claim for relief against that party, that is, state law imposes no liability against that party on the facts alleged, or (2) *when it can be deduced that plaintiff does not intend to secure a judgment against that defendant*." (emphasis added)); *Carey v. Bd. of Governors of Kernwood Country Club*, 337 F. Supp. 2d 339, 341 (D. Mass. 2004) ("A joinder is considered fraudulent if it is a *sham* and a device used to join a party 'without any reasonable basis in fact and *without any purpose to prosecute the cause in good faith*.'" (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98 (1921)) (emphases added)); *Robinson*, 2013 WL 3989672, at *2 ("If the plaintiff brings a claim against a defendant . . . without any purpose to prosecute the cause in good faith, that defendant has been fraudulently joined." (citation and internal quotation marks omitted)).  Notably, in *Evans v. Lorillard Tobacco Co.*, No. Civ.A. 04-2840-B (Mass. Super. Ct.), another smoking-and-health case in which Lorillard and non-diverse distributors were named as defendants, after Lorillard removed to federal court, the plaintiff vigorously argued that remand was appropriate.  After remand, the plaintiff voluntarily dismissed the claims against the distributor defendants just months before

trial—demonstrating that Lorillard was the only real target and that the distributor defendants were joined for the sole purpose of defeating diversity jurisdiction.

24.     Because the Local Distributors were fraudulently joined for the purpose of defeating this Court's diversity jurisdiction, they must be disregarded for purposes of determining whether diversity jurisdiction exists. *See Mass. Laborers' Health & Welfare Fund*, 1998 U.S. Dist. LEXIS 22501, at *18-23.

**C.      This Notice of Removal Is Timely.**

25.     Plaintiff filed this Complaint on March 25, 2015, in the Superior Court of Middlesex County in the Commonwealth of Massachusetts.  Plaintiff served the initial pleading on all three Defendants on April 13, 2015.  Defendants filed this Notice of Removal within 30 days of that service, thus this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

**D.      Removal to This District Is Proper.**

26.     Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal of the state court action to this Court is appropriate.

27.     This Notice of Removal is properly filed in this District Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Superior Court of Middlesex County is within the United States District Court for the District of Massachusetts, Eastern Division.  *See* LR, D.Mass. 40.1(C).

**E.      Additional Procedural Requirements for Removal Are Satisfied.**

28.     Pursuant to 28 U.S.C. § 1446(a), complete copies of "all process, pleadings, and orders" served on Defendants in this matter in the Superior Court of Middlesex County are attached hereto as Exhibit A.

29.     Pursuant to Local Rule 81.1, Defendants will file in this Court certified or attested copies of all records and proceedings in the state court action, as well as a certified or attested copy of all docket entries therein, within 28 days of the filing of this Notice of Removal.

30.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants consent to removal, although such consent is not necessary from Garber Bros., Inc. and Albert H. Notini & Sons, Inc. because they were fraudulently joined in this lawsuit.  *See id.* (requiring consent to removal of "all defendants who have been *properly joined* and served") (emphasis added); *see also Polyplastics, Inc.,* 713 F.2d at 877 ("A party fraudulently joined to defeat removal need not join in a removal petition, and is disregarded in determining diversity of citizenship.").

31.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the filing of this Notice of Removal to Plaintiff's counsel and will file a copy of this Notice of Removal with the Clerk of the Superior Court of Middlesex County, where this action is currently pending.

32.     Defendants reserve the right to amend or supplement this Notice of Removal.

33.     Defendants reserve all defenses, including, without limitation, lack of personal jurisdiction.

34.     Defendants request a trial by jury of all issues.

35.     Undersigned counsel for Defendants have read the foregoing and sign the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is properly removed from the Superior Court for Middlesex County,

Massachusetts to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated: May 7, 2015

<div style="margin-left: 40%;">

Respectfully Submitted,

LORILLARD TOBACCO COMPANY

By its attorneys,

/s/ *Walter B. Prince*
Walter B. Prince, BBO #46640
Prince Lobel Tye LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel: (617) 456-8000
E-mail: wprince@princelobel.com

GARBER BROS., INC.

By its attorneys,

/s/ *Walter B. Prince*
Walter B. Prince, BBO #46640
Prince Lobel Tye LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel: (617) 456-8000
E-mail: wprince@princelobel.com

</div>

ALBERT H. NOTINI & SONS, INC.

By its attorneys,

/s/ Walter B. Prince
Walter B. Prince, BBO #46640
Prince Lobel Tye LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel:  (617) 456-8000
E-mail:  wprince@princelobel.com

## CERTIFICATE OF SERVICE

I, Walter B. Prince, do hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by first class mail on the 7th day of May, 2015.

Respectfully Submitted,

/s/ Walter B. Prince
Walter B. Prince