UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-11796-RGS

JANE FLAVIN, as representative of the
Estate of James Flavin, Jr.

v.

LORILLARD TOBACCO COMPANY, et al.

MEMORANDUM AND ORDER ON PLAINTIFF
JANE FLAVIN'S MOTION TO REMAND

June 8, 2015

STEARNS, D.J.

Plaintiff Jane Flavin brought this lawsuit in Middlesex Superior Court against Lorillard Tobacco Company (Lorillard), and wholesale cigarette distributors Garber Bros., Inc. (Garber), and Albert H. Notini & Sons, Inc. (Notini). She seeks damages for the alleged wrongful death of James Flavin, Jr., from lung cancer caused by smoking defendants' Newport brand cigarettes. The Complaint sets out four claims against defendants: breach of implied warranty (Count I); violation of Chapter 93A (Count II); negligence (Count III); and wrongful death (Count IV). Plaintiff also claims civil conspiracy (Count V) solely against Lorillard. Defendants subsequently removed the case to federal court. In her motion to remand, Flavin argues

that the court lacks diversity subject matter jurisdiction because she and defendants Garber and Notini are citizens of Massachusetts.[1] In response, defendants assert that the citizenship of Garber and Notini, the two distributors, should not be considered in a diversity analysis because they were fraudulently joined to defeat federal jurisdiction.

## BACKGROUND

The facts as alleged in the Complaint, filed on March 25, 2015, are as follows. In 1957, James Flavin began smoking Newport cigarettes, which were "defective and unreasonably dangerous." Complaint (Compl.) at ¶ 1, 15. The cigarettes designed and manufactured by Lorillard and distributed by Garber and Notini "were expected to and did reach" James Flavin. *Id.* at ¶ 27. Lorillard not only knew about and concealed from consumers the health risks of smoking, but also engaged in a "campaign of disinformation" designed to "mislead, confuse, and deceive the public" regarding the dangerousness of its cigarettes. *Id.* at ¶ 3, 19, 20. As a result of this campaign, James Flavin became addicted and a habitual smoker, unable to overcome his addiction. *Id.* at ¶ 23. In April of 2011, Flavin was diagnosed

---

[1] Garber and Notini are incorporated and principally based in Massachusetts. Notice of Removal at ¶¶ 15-16. Lorillard is a Delaware corporation with its principal place of business in North Carolina. *Id.* at ¶ 14.

with lung cancer caused by his history of smoking.  *Id.* at ¶ 24.  After having undergone radiation treatment and chemotherapy, James Flavin died on March 27, 2012.  *Id.*  As the personal representative of his estate, plaintiff brought this action against defendants.  *Id.* at ¶ 1.

## DISCUSSION

A non-resident defendant may remove a case from state court to federal court if it satisfies the jurisdictional amount and presents a controversy between citizens of different states.  *See* 28 U.S.C. § 1441.  The defendant's "right of removal cannot be defeated by a fraudulent joinder of a non-diverse defendant 'having no real connection with the controversy.'" *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 4 (D. Mass. 2001), quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  A joinder is deemed fraudulent if the defendant demonstrates, through clear and convincing evidence, "'either that there has been outright fraud committed in the Plaintiff's pleadings, *or* that there is no possibility, based on the pleadings, that the Plaintiff can state a cause of action against the non-diverse defendant in state court.'"  *Mills*, 178 F. Supp. 2d at 5, quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001).  Whereas the defendant has a "heavy" burden, the "plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have

a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Fabiano Shoe Co. v. Black Diamond Equip., Ltd.*, 41 F. Supp. 2d 70, 71-72 (D. Mass. 1999) (emphasis in original).

Defendants contend that Garber and Notini are sham defendants named solely to defeat diversity jurisdiction. They argue that Flavin, first, fails to state a "legally sufficient cause of action" and, second, is unlikely to litigate the claims against Garber and Notini. Notice of Removal at ¶ 5. According to defendants, the absence of a valid cause of action stems from Flavin's failure to identify a connection between the harms she alleges and the actions of the distributors. In support of this contention, defendants rely on *Mills*, where the plaintiff was found to have "virtually no possibility of success . . . because . . . [he] failed to allege or provide evidence" that he ever used the distributor's product. *Mills*, 178 F. Supp. 2d at 8.

Defendants, however, have failed to satisfy their burden of proving fraudulent joinder. In Massachusetts, a distributor is strictly liable for a breach of warranty, even when acting "merely as a conduit for the [injurious] product." *Mitchell v. Stop & Shop Companies, Inc.*, 41 Mass. App. Ct. 521, 523 (1996); *see also Ide v. Foreign Candy Co.*, 2006 Mass. App. Div. 165 (Dist. Ct. 2006) (noting that it is "a fair statement of the law" that the distributor "stood in the shoes of the manufacturer and had the same

4

obligations toward potential consumers."). A plaintiff is entitled to relief for a breach of implied warranty from a manufacturer or distributor so long as the product at issue is shown to have been "defective and unreasonably dangerous." *Evans v. Lorillard Tobacco Co.*, 465 Mass. 411, 422 (2013).

Here, Flavin alleges that the distributors breached the implied warranty of merchantability by distributing "defective and unreasonably dangerous" products under the guise that they were "merchantable and fit for the ordinary purposes for which they were intended." Compl. ¶¶ 1, 28. Flavin specifically asserts that the Newport cigarettes distributed by Garber and Notini "were expected to and did reach" James Flavin. *Id.* at ¶ 27. Flavin, unlike the plaintiff in *Mills*, has alleged a connection between her husband's death and the distributors. *See Evans v. Lorillard Tobacco Co.*, No. 04-11840-MLW (D. Mass. Apr. 21, 2005) (granting plaintiff's motion to remand). As for defendants' second assertion that Flavin is unlikely to litigate claims against Garber and Notini, the court has been given no reason to question counsel's good faith in naming them as defendants. If it should prove at some point in the litigation that the joinder was in fact fraudulent, there are sanctions up to and including dismissal, that are available to the Superior Court.

## ORDER

For the foregoing reasons, Flavin's Motion to Remand is <u>ALLOWED</u>.

The Clerk will return the case file to the Middlesex Superior Court.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE